IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL YANG,

    Plaintiff,

    v.

FAI YEE XIONG, et al.,

    Defendants.

No. Civ.S-06-1306 DFL GGH

MEMORANDUM OF OPINION AND ORDER

    Defendants Fai Yee Xiong, Kayeng Xiong, Wang Cha Lo, Zam Lo Vue, Chai Chue Lee, Chong Theng Lee, Xaiv Chi Vang, Long Lee, Yu Koua Thao and the Hmoob Sacramento Koom Tshav Ntuj ("HSKTN") move to dismiss plaintiff Paul Yang's action, arguing that Yang lacks standing and fails to plead sufficient facts under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  For the reasons below, the court: (1) denies defendants' motion to dismiss Yang's breach of contract claim and (2) grants defendants' motion to dismiss Yang's fraud-based claims.

I.

    Plaintiff Yang alleges that defendants, lacking an insurance

1

license, offered him a $25,000 life insurance policy for his mother. First Am. Compl. ("FAC") at 3-4. Yang alleges that he signed a contract for benefits but was denied payment following his mother's death. Id. At 3. To the complaint, Yang attached alleged translations of an "exemplar" HSKTN life insurance contract, FAC, Exh. A, and the "Letter of Membership Cancellation" he received from HSKTN, FAC, Exh. B.[1] Yang alleges (1) breach of contract, (2) fraud, (3) RICO fraud, 18 U.S.C. §§ 1961-1968, and (4) unfair business practices, Cal. Bus. & Prof. Code § 17200.

Defendants filed a motion to dismiss, arguing that plaintiff lacks standing to bring the suit and fails to state his claims with sufficient particularity.

## II.

### A. Standing

Defendants argue that Yang fails to "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct . . . and likely to be redressed by the requested relief." Motion to Dismiss ("Mot.") at 4 (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). Yang alleges that he signed a life insurance contract with defendants under which he would receive benefits upon his mother's death. FAC at 3. When his mother died, he alleges that defendants refused to pay and cancelled his

---

[1] Defendants dispute plaintiff's translation of certain Hmong words, including the phrase "Hmoob Sacramento Koom Tshav Ntuj." These disputes are immaterial to the resolution of this motion.

policy. Id. He seeks damages based upon the alleged benefit amount. Id. at 2. These allegations sufficiently demonstrate Yang's standing.

B. Contract Claim

Defendants argue that the exemplar contract attached to Yang's complaint contradicts the factual allegations in his breach of contract claim. Mot. at 5. The exemplar contract is silent as to defendants' obligation to pay death benefits. FAC, Exh. A. However, this silence does not necessarily contradict Yang's allegations, because additional agreements between the parties could have supplemented the terms of the one attached document. This matter can be resolved by a motion for partial adjudication.

C. Fraud Claims

Yang's remaining claims for fraud, RICO fraud, and unfair business practices rest upon allegations that defendants fraudulently offered life insurance policies. FAC at 4-10. Defendants argue that Yang's claims fail to meet the heightened pleading standards for fraud under Fed. R. Civ. P. 9(b). Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991); see also Cooper v. Pickett, 137 F.3d 616, 625-26 (9th Cir. 1997) (applying Rule 9(b) to allegations of fraud against an entity defendant).

1  Yang's fraud claims against both individual defendants and
2 HSKTN lack sufficient particularity.  Yang's allegations use only
3 the generic "defendants" and "they."  Yang does not attribute
4 conduct to particular defendants or provide a sufficiently
5 specific explanation of what each defendant did and when.  For
6 the RICO claim, Yang also fails to plead sufficient predicate
7 acts such as the specific dates of fraudulent communications.
8 See Lancaster, 940 F.2d at 405 (holding that allegations of RICO
9 fraud claim must state dates of "specific mailings").

10  Yang argues that his allegations are sufficient under the
11 group published information presumption.  See Wool v. Tandem
12 Computers, Inc., 818 F.2d 1433, 1440 (9th Cir. 1987) ("In cases
13 of corporate fraud where the false and misleading information is
14 conveyed in prospectuses, registration statements, annual
15 reports, press releases, or other 'group published information,'
16 it is reasonable to presume that these are the collective actions
17 of the officers.").  The group published information presumption,
18 however, requires that the complaint "contain allegations that [a
19 defendant] either participated in the day-to-day corporate
20 activities, or had a special relationship with the corporation,
21 such as participating in preparing or communicating group
22 information at particular times."  In re GlenFed, Inc. Sec.
23 Litig., 60 F.3d 591, 593 (9th Cir. 1995).  Yang does not
24 sufficiently allege the defendants' individual roles in HSKTN and
25 does not specifically identify the group published information he
26 challenges as fraudulent.  See Moore v. Kayport Package Express,

4

Inc., 885 F.2d 531, 540 (9th Cir. 1989) (refusing to apply group published information presumption to plaintiff's fraud allegations). Yang cannot rely upon the presumption to cure the lack of specificity in the complaint.

Pursuant to Rule 9(b), Yang's fraud, RICO fraud, and unfair business practices claims against both individual defendants and HSKTN are dismissed.

### III.

For these reasons, the court: (1) denies defendants' motion to dismiss Yang's breach of contract claim and (2) grants defendants' motion to dismiss Yang's fraud, RICO fraud, and unfair business practices claims. Plaintiff may file an amended complaint within 28 days of the date of this order.

IT IS SO ORDERED.

Dated: 11/2/2006

_____
DAVID F. LEVI
United States District Judge

5